# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EUGENE LIONEL WALKER,<br>Plaintiff, | : | CIVIL CASE NO.<br>3:17-cv-425 (JCH) |
| v. | : | |
| JANE DOE, et al.,<br>Defendants. | :<br>:<br>: | SEPTEMBER 17, 2018 |

## RULING ON PLAINTIFF'S MOTION TO AMEND (DOC. NO. 50)

The plaintiff, Eugene Lionel Walker ("Walker"), currently incarcerated at Corrigan-Radgowski Correctional Center in Uncasville, Connecticut, seeks leave to file a Second Amended Complaint in response to the court's May 21, 2018 Order. For the reasons that follow, Walker's Motion to Amend (Doc. No. 50) is denied.

## I. BACKGROUND

Walker named six defendants in his Amended Complaint, Dr. Carson Wright and Nurses Barbara Savoie, Shannon Lawrence, Wanda Verville, Darnella Burke and Debra Wilson. Walker asserted federal claims for deliberate indifference to serious medical needs and violation of his right to equal protection of the law. See Amended Complaint ("Am. Compl.")(Doc. No. 29) at 10-12. He also re-asserted state law claims for negligence and medical malpractice which were dismissed in the Initial Review Order. See id. at 11; Initial Review Order (Doc. No. 9) at 10-11.

The defendants filed a Motion to Dismiss and/or Motion for Judgment on the Pleadings (Doc. No. 39) directed to the deliberate indifference claims. The court

granted that Motion as to the claims against Nurses Savoie, Lawrence, Burke, and Wilson and denied the motion as to the claims against Dr. Wright and Nurse Verville. See Ruling (Doc. No. 46) at 21. On May 21, 2018, the court issued an Order directing Walker to file an amended complaint if he intended to pursue his equal protection claim. Walker was directed to identify the defendants involved in the claim and to allege facts satisfying the pleading requirements for an equal protection claim. See Order (Doc. No. 47).

## II. ANALYSIS

Walker's Proposed Second Amended Complaint is a copy of the Amended Complaint with three changes. First, Walker has revised the paragraph relating to his equal protection claim. Second, Walker states that he is suing all defendants in their official capacities as well as their individual capacities and that the omission of official capacity from the Complaint and Amended Complaint was inadvertent. Third, Walker has appended the results of a 2014 CT scan to address the deficiency identified in the Initial Review Order regarding his state law malpractice claim. The defendants object to the re-assertion of previously dismissed claims.

### A. Equal Protection Claim

Walker includes the following paragraph to clarify his equal protection claim.

> Plaintiff's equal protection rights were violated by doctor Carson Wright and Nurse Verville. Due to the fact that all sentenced inmates are housed at facilities that as per state statute C.G.S. 18 have a doctor working every business day. Dr. Carson Wright was notified about plaintiff's deteriorating condition on four separate occasions and still did not examine plaintiff to identify the problem despite the fact that, the severe symptoms were clearly presenting themselves. Additionally, Nurse

2

> Verville acted outside of her authority [and] provence by interjecting her
> own personal assessment of plaintiff's condition, assuming it was just the
> eye, and only prescribed putting warm water and soap on it. Under similar
> situated circumstances a doctor would have taken the information he or
> she received and do a proper examination to identify the root problem.
> Furthermore, a nurse under similar situated circumstances would have
> called a doctor or immediately put plaintiff on the emergency call list.
> Plaintiff being a pretrial detainee at the time was only being held because
> plaintiff could not make bond was [ ] entitled to equal protection of the law
> guaranteed by the Fourteenth Amendment.

Proposed Second Amended Complaint ("Proposed Second Am. Compl.")(Doc. No. 50-1) at 15.

Walker has complied with part of the court's Order by stating that his equal protection claim is asserted against Dr. Wright and Nurse Verville, the only remaining defendants. However, he fails to allege facts to state a plausible equal protection claim.

The Equal Protection Clause protects prisoners from invidious discrimination. This provision does not mandate identical treatment for each individual; rather it requires that similarly situated persons be treated the same. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439-40 (1985). To state an equal protection claim, Walker must allege facts showing that he was "treated differently than others similarly situated as a result of intentional or purposeful discrimination." Phillips v. Girdich, 408 F.3d 124, 129 (2d Cir. 2005). Walker can demonstrate an equal protection violation by "point[ing] to a law or policy that expressly classifies persons on the basis of race," "identify[ing] a facially neutral law or policy that has been applied in an intentionally discriminatory manner," or "alleg[ing] that a facially neutral statute or policy has an adverse effect and it was motivated by discriminatory animus." Anderson v. Waterbury

3

Police Dep't, 2017 WL 1157843, at *9 (D. Conn. Mar. 28, 2017) (quoting Brown v. City of Oneonta, N.Y., 221 F.3d 329, 337 (2d Cir. 2000)) (internal quotation marks omitted).

Walker alleges that sentenced inmates, unlike pretrial detainees, are held in correctional facilities with a full-time doctor. Although he argues that this arrangement is pursuant to state statute, he has provided an incomplete citation. The court has searched the Connecticut General Statutes and not found any statute referring to the allocation of doctors to correctional facilities. Walker has identified no law or policy that was applied to him in a discriminatory manner. Nor does he allege that he is a member of a protected class or that he was treated differently because of a suspect classification. See Robles v. Dennison, 745 F. Supp. 2d 244, 301 n.18 (W.D.N.Y. 2010) (merely being a prisoner is insufficient to put plaintiff in a suspect class), aff'd, 449 F. App'x 51 (2d Cir. 2011); Lehal v. United States, No. 13CV3923 (DF), 2015 WL 9592706, at *21 n.22 (S.D.N.Y. Dec. 29, 2015) ("[I]nmates or detainees are not considered a protected class for equal-protection purposes."). Thus, Walker does not allege a plausible traditional equal protection claim.

Walker also could assert an equal violation under a "class of one" theory. To state a valid "class of one" claim, Walker must allege first, that he was "intentionally treated differently from others who are similarly situated[.]" Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Second, he must allege facts showing that "there is no rational basis for the difference in treatment." Id. He must allege an "extremely high" level of similarity with the person to whom he is comparing himself: their circumstances must be "prima facie identical." Neilson v. D'Angelis, 409 F.3d 100, 104–05 (2005),

overruled in part on other grounds by <u>Appel v. Spiridon</u>, 531 F.3d 138, 139 (2d Cir. 2008).  Walker identifies no other inmate, sentenced or pretrial detainee, who was similarly situated but treated differently.  Thus, he fails to state a plausible "class of one" claim.

The court concludes that Walker has alleged no facts to support a plausible equal protection claim.  His allegations merely recast his deliberate indifference claims as equal protection claims. The equal protection claim is dismissed pursuant to section 1915A(b)(1) of title 28 of the United States Code.

    B.    <u>Official Capacity Claims</u>

Walker states that he inadvertently failed to indicate in the Complaint or Amended Complaint that he was suing the defendants in their official as well as individual capacity.  Walker seeks injunctive relief in the form of orders that he be provided proper medical care, that the defendants not retaliate against him, and that he be transferred to Cheshire Correctional Institution.  <u>See</u> Proposed Second Am. Compl. at 16.

The defendants treated Walker when he was confined at Northern Correctional Institution and Cheshire Correctional Institution.  <u>See</u> <u>id.</u> at 7, 10.  The Second Circuit repeatedly has noted that, "[i]n this circuit, an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility."  <u>Wright v. New York State Dep't of Corr. & Cmty. Supervision</u>, 568 F. App'x 53, 55 (2d Cir. 2014) (quoting <u>Shepherd v. Goord</u>, 662 F.3d 603, 610 (2d Cir. 2011)) (internal quotation marks omitted).  The defendants are nurses and a doctor who

provide medical services at Northern Correctional Institution.  See Proposed Second Am. Compl. at 6.  Walker currently is confined at Corrigan-Radgowski Correctional Institution.  See id. at 18.  As no defendant is a high-ranking correctional official, Walker's transfer moots his request for injunctive relief.  The request is dismissed pursuant to section 1915A(b)(1) of title 28 of the United States Code.  As damages are not available against correctional officials in their official capacity under the facts of this case, amendment to assert official capacity claims would be futile.  See Kentucky v. Graham, 473 U.S. 159, 169 (1995).

      C.      Malpractice Claim

The court dismissed Walker's malpractice claim because he failed to comply with the requirements of section 52-190a(a) of the Connecticut General Statutes, which requires that the plaintiff in a medical malpractice action file an opinion letter from a qualified medical professional certifying that there appeared to have been medical negligence in the plaintiff's care or treatment.  See Initial Review Order (Doc. No. 9) at 11.  Walker has appended to the Proposed Second Amended Complaint the results of a 2014 CT scan.  This is not an opinion letter and does not certify any improper medical treatment.  Thus, the exhibit does not correct the deficiency identified in the Initial Review Order and is insufficient to revive the state law malpractice claim.

      D.      Previously Dismissed Claims

Walker includes in his Proposed Second Amended Complaint the deliberate indifference to medical needs claims against Nurses Savoie, Lawrence, Burke, and Wilson, even though the court granted the defendant's motion to dismiss these claims.

See Proposed Second Am. Compl. at 13; Ruling (Doc. No. 46) at 21.  The defendants object to the re-assertion of these claims as barred under the law of the case doctrine.  See generally Objection to Plaintiff's Motion to Amend Complaint (Doc. No. 51).

Although not binding, the law of the case doctrine provides that a court should adhere to its earlier decisions in later stages of litigation unless compelling reasons counsel otherwise.  Starbucks Corp. v. Wolfe's Borough Coffee, Inc., 736 F.3d 198, 208 (2d Cir. 2013); see Devilla v. Schriver, 245 F.3d 192, 197 (2d Cir. 2001) (purpose of doctrine is to "maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit" (citation and internal quotation marks omitted)).  The compelling reasons that would support deviation from the law of the case doctrine include, most notably, an intervening change in the law, availability of new evidence, or the need to correct a clear error or prevent manifest injustice.  See Ali v. Mukasey, 529 F.3d 478, 490 (2d Cir. 2008).  The doctrine is properly applied only when the parties had a full and fair opportunity to litigate the initial determination.  See Westerbeke Corp. v. Daihatsu Motor Co., Ltd., 304 F.3d 200, 219. (2d Cir. 2002).

Walker merely restates his prior allegations.  He has not identified any change in the law or new evidence that would warrant reconsideration of the dismissal of these claims.  Accordingly, the claims against Nurses Savoie, Lawrence, Burke and Wilson remain dismissed.

### III. CONCLUSION

Walker's Motion to Amend Complaint (Doc. No. 50) is **DENIED**.  Walker's equal protection claims are **DISMISSED** pursuant to section 1915A(b)(1) of title 28 of the United States Code and his request for injunctive relief is **DENIED** as moot.

The case will proceed only on the Fourteenth Amendment deliberate indifference claims against Wright and Verville.

**SO ORDERED** this 17th day of September 2018 at New Haven, Connecticut.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge